**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YOLANDA HERNANDEZ; ROSMERY JULIETH ANDRADE-HERNANDEZ; EMERSON YANCARLOS AMAYA-HERNANDEZ,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-151

Agency Nos. A203-772-969
A203-772-970
A203-772-971

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 10, 2026[**]
Pasadena, California

Before: BYBEE, COLLINS, and BRESS, Circuit Judges.

Petitioners Yolanda Hernandez and her two children,[1] natives and citizens of

Honduras, petition for review of a decision of the Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[1] Hernandez and her now-adult children filed separate applications for asylum, withholding of removal, and protection under the Convention Against Torture, but all three applications are based on the same allegations of mistreatment. Hernandez's children, who were under 21 years of age at the time Hernandez submitted her application, are also riders on their mother's asylum application.

("BIA") dismissing their appeal of an order of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("Torture Convention").[2] We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252. We review legal questions de novo and the agency's factual findings for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the latter standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

To qualify for asylum or withholding of removal, an alien must show a "nexus" between past or feared future harm and "a protected ground," *Umana-Escobar v. Garland*, 69 F.4th 544, 551 (9th Cir. 2023), and "membership in a particular social group" is one such protected ground, 8 U.S.C. § 1101(a)(42)(A); *see also id*. § 1231(b)(3)(A). Here, substantial evidence supports the agency's conclusion that Petitioners failed to establish a nexus between any past or feared future harm and their proposed social group, members of the Hernandez Family. The agency reasonably concluded that the instances of mistreatment of Hernandez and her daughter at the hands of gang members were "all examples of generalized

---

[2] Petitioners do not challenge the agency's denial of Torture Convention relief in their opening brief and have accordingly forfeited that issue. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

2

criminal activities either motivated to expand the gang's membership of the organization or for financial purposes." "An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1019 (9th Cir. 2023) (holding that extortion and threats against a relative solely as part of an effort to coerce a targeted person "d[id] not compel [a] finding that the persecutor threatened the target because of . . . family relation"). Based on the evidence in the record, the agency reasonably concluded that the gang sought to recruit Hernandez's daughter and that it extorted and threatened Hernandez in furtherance of that motivation, and not because Hernandez and her daughter were specifically members of the Hernandez family. The record does not compel a contrary conclusion.

Because Petitioners' failure to establish the requisite nexus to a protected ground is dispositive of their asylum and withholding claims, we need not address any other issues. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION DENIED.**